IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD ALLEN MALONE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEVY PREMIUM FOODSERVICE, )<br>LP, et. al. )<br>)<br>Defendants. ) | Civil Case No. 1:06-cv-00587-PLF |

### DEFENDANT LINCOLN HOLDINGS, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

Defendant Lincoln Holdings, LLC (hereinafter referred to as "Lincoln"), by and through counsel, hereby opposes Plaintiff's motion for entry of default, and for reasons states:

1. Endeavoring to prevail on hyper-technical procedural grounds rather than the merits of the case, and desirous to set a negative tone at the outset of this litigation, Plaintiff has filed his motion for entry of default on the second business day Lincoln's Answer became due. Plaintiff's dilatory motion, however, is unjustifiable and must therefore be denied.

2. As a threshold matter it must be noted that Plaintiff's counsel failed to meet and confer with undersigned counsel prior to filing his motion, in violation of LCvR 7 (m). On April 7, 2006 undersigned counsel spoke to Plaintiff's counsel by telephone, advising that he was representing Lincoln and would be pursuing a voluntary dismissal, due to Lincoln's lack of involvement in this action. Plaintiff's counsel advised that he "probably" would agree to the voluntary dismissal as long as the co-Defendants to this litigation agreed to the dismissal. Thus, as of April 7, 2006, Plaintiff's counsel was aware that Lincoln was represented and had the name of Lincoln's attorney. Notwithstanding Plaintiff's counsel's knowledge that Lincoln was represented, he failed to confer with undersigned counsel prior to filing his motion. LCvR 7 (m)

230025.1

states, "Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed." LCvR 7 (m). The local rule mandates a duty to all counsel in matters before the Court to endeavor to resolve nondispositive procedural conflicts prior to seeking judicial intervention. Here Plaintiff's counsel breached that duty by failing to confer with undersigned counsel prior to filing his motion for default. On this ground alone, Plaintiff's motion for entry of default must be denied.

3. Notwithstanding the above, Lincoln has filed its Answer to Plaintiff's Complaint on April 24, 2006. Accordingly, as Lincoln has filed its Answer responsive to Plaintiff's Complaint, Plaintiff's motion for entry of default is now moot, and must therefore be denied.

4. Moreover, Plaintiff's motion must fail, as "[d]efault judgments are strongly disfavored when there is a reasonable expectation that the action may be decided on the merits. The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Ali v. Mid-Atlantic Settlement Services, Inc.*, No. 02-2271 (RWR), 2006 U.S. Dist. LEXIS 13305, at 4 (D.D.C. March 10, 2006) (internal quotations and citations omitted). Plaintiff has only recently initiated this action. Plaintiff's counsel has recently consented to requests for extensions by the two other co-Defendants for additional time to file their responsive pleadings. The Court has scheduled no conferences and has ordered no discovery at this early stage of this litigation. Lincoln, having filed its Answer is prepared to defend this matter on the merits. Accordingly, in view of the fact that this litigation is in its infancy; that no delay or halting of this litigation has occurred; and that

230025.1

the Court prefers that matters proceed on the merits, Plaintiff's motion for entry of default must therefore be denied.

WHEREFORE, for the foregoing reasons, Defendant Lincoln Holdings, LLC respectfully requests this honorable Court to deny Plaintiff's motion for entry of default.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:   /s/    James C. Mehigan
Angela W. Russell, #447537
James C. Mehigan, #480691
1341 G Street, NW, Suite 500
Washington, D.C.  20005
(202) 626-7660
(202) 628-3606 fax

*Attorneys for Defendant*
*Lincoln Holdings, LLC*

230025.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a copy of the foregoing Motion was served by electronic filing on this 24th day of April, 2006 to:

>Jimmy A. Bell, Esq.
>Law Office of Jimmy A. Bell, P.C.
>9610 Marlboro Pike
>Upper Marlboro, Maryland 20772
>
>Shirlie Norris Lake, Esq.
>Eccleston & Wolf, P.C.
>2001 S Street, N.W.
>Suite 310
>Washington, D.C. 20009
>
>Paul J. Kennedy, Esq.
>1150 17th Street, N.W. Suite 900
>Washington, D.C. 20036
>
>/s/ James C. Mehigan
>James C. Mehigan

230025.1