UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**EDWARD ALLEN MALONE,**

    **Plaintiff,**

    v.

**LEVY PREMIUM FOODSERVICE, L.P.,** *et. al.*,

    **Defendants.**

Case No. 1:06CV00587
Hon. Paul L. Friedman

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS

Defendant Levy Premium Foodservice, L.P. ("Levy"), by counsel, pursuant to Local Civil Rule 7(a), submits this Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiff's Complaint as follows:

**I.    STATEMENT OF FACTS[1]**

This case involves a number of claims stemming from Plaintiff Edward A. Malone's ("Plaintiff") visit to the Acela Club, a restaurant and club located at the Verizon Center in Washington, D.C., on March 21, 2006. Levy provides food and beverage service at the Acela Club.

Plaintiff held a birthday party for himself at the Acela Club on March 21, 2006. Complaint, ¶ 10. Prior to the party, Plaintiff spoke with Nicole Hallcomb and Matt Long from Levy to make arrangements for the party.[2] Complaint, ¶ 11,12. Plaintiff does not allege that he asked Ms. Hallcomb or Mr. Long to bill each table separately or otherwise make special

---

[1] For purposes of this Motion only, Levy will treat Plaintiff's factual allegations as true.
[2] Mr. Long is the Director of Operations for Levy's operation at the Verizon Center.

arrangements for payment in advance of the party. Plaintiff also does not allege that he informed either Ms. Hallcomb or Mr. Long that he did not intend to bear financial responsibility for the birthday party he was throwing.

On the night of the party, Plaintiff's guests filled approximately six tables. Complaint, ¶ 15. Plaintiff contends that, upon arriving at the party, he told Kenny Nichols, a Levy employee in the Acela Club, to bill each table separately. Complaint, ¶ 14. Late in the evening, Plaintiff left the Acela Club to retrieve a gift from another guest. Complaint, ¶ 25. Plaintiff had difficulty re-entering the Acela Club, and was informed by several security guards that the Club was closed.[3] Complaint, ¶ 29, 30. Plaintiff told the security guards that he needed to enter the Acela Club to retrieve his personal belongings. Complaint, ¶ 30. Approximately 20 minutes later, a female Verizon Center employee let Plaintiff back into the Club.

When Plaintiff re-entered the Club to retrieve his gifts, birthday cards, cake, and jacket, an argument allegedly ensued between him and Mr. Nichols regarding the unpaid bill for the party. Complaint, ¶¶ 43-77. Plaintiff also alleges that, during the argument, Mr. Nichols[4] referred to him by the racial epithet, "nigger." Complaint, ¶ 70. Despite Plaintiff's insistence that Mr. Nichols had agreed to bill each table separately, Mr. Nichols presented Plaintiff with a bill for over $400.00. Complaint, ¶ 52-53. Plaintiff's credit card, however, was declined and he did not have any other credit cards with him. Complaint, ¶ 57-58. As a result, Plaintiff had a friend, Michael Martin helped him pay a portion of the bill. Complaint, ¶ 61.

A security guard was also present during the discussion between Plaintiff and Mr. Nichols.[5] Complaint, ¶48. According to Plaintiff, the security guard demanded Plaintiff's

---

[3] Plaintiff does not allege that the security guards are Levy employees.
[4] The evidence will show that Mr. Nichols is African American.
[5] Other than the security guard, Mr. Nichols, and a few remaining female patrons (Complaint, ¶ 78), Plaintiff does not allege that any other individuals, including any of Mr. Nichols's supervisors, such as Director of Operations

2

identification, threatened to arrest him, and beat him up. Complaint ¶ 48, 50, 55, 73. Plaintiff does not allege that the security guard he argued with was a Levy employee.

In an apparent effort to explain his failure to pay, Plaintiff claims that one of his guests told him her table was not presented with a bill, that another guest "had to flag down an unattentive [sic] server to get an invoice," that "some servers were slow to deliver bills," and that, in some cases "bills were never brought by their servers." Complaint, ¶¶ 82, 91, 98.[6]

In the context of the foregoing, Plaintiff contends, among other claims, that Levy is liable for negligence (in training) and negligence (in supervision) because "Defendants' agents, representatives, and/or employees" (1) caused his unlawful and false imprisonment by providing false information to justify his "arrest and detention," (Complaint, ¶¶ 115, 121), (2) forced him to pay for services he did not receive, nor was he obligated to pay (Id., ¶¶ 116, 122), and (3) called him a "nigger." Id., ¶¶ 117, 123.

Based on the above allegations, Plaintiff demands $1,500,000.00 in compensatory and punitive damages for his claims, including the two Levy now moves to dismiss: negligent supervision, and negligent training.

## II.   **ARGUMENT**

A.   Standard For Granting A Motion To Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defense to a complaint may be made by motion for failure to state a claim upon which relief can be granted. Courts grant a motion to dismiss pursuant to Rule 12(b)(6) when it appears that there is no set of

---

Matt Long, were present during the argument.

[6] Plaintiff, however, contradicts himself by also alleging that "[t]he restaurant agreed to bill tables separately and acted consistently with this throughout the evening." Complaint, ¶ 96. Plaintiff's efforts to paint a picture of confusion regarding the bills does not disguise that he, notably, does not allege that the charges accumulated by his guests that evening were paid.

facts the plaintiff can prove that entitles him to the relief sought in the complaint. Campbell-El v. District of Columbia, 874 F. Supp. 403, 406 (D.D.C. 1994); Mills v. Home Equity Group, Inc., 871 F. Supp. 1482, 1484 (D.D.C. 1994).

B.  The Court Should Dismiss Plaintiff's Negligent Supervision Claim Because It Fails To State A Claim As A Matter Of Law.

An action for negligent supervision requires proof that the Defendant breached a duty to Plaintiff to use reasonable care in the supervision of an employee which proximately cause harm to Plaintiff. Phelan v. City of Mount Rainier, 805 A.2d 930, 940 (D.C. 2002). In order to establish a claim for negligent supervision, Plaintiff must show: 1) that the employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner; and 2) that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee. Tarpeh-Doe v. United States, 28 F.3d 120, 123 (D.C. Cir. 1994); Alqahtani v. George Washington University, Civ. No. 95-803, 1996 U.S. Dist. LEXIS 4213, at *11 (D.D.C. 1996); Brown v. Argenbright Security, Inc., 782 A.2d 752, 760 (D.C. 2001); Murphy v. Army Distaff Foundation, Inc., 458 A.2d 61, 63-64 (D.C. 1983) (reversing summary judgment for employer on negligent supervision claim related to employee's assault of trespasser because evidence showed that employee's supervisor knew employee had engaged in similar behavior in past).

In Alqahtani, a Kuwaiti student sued a university and several employees for race discrimination, negligent supervision, and intentional infliction of emotional distress. 1996 U.S. Dist. LEXIS 4213, at *4. The student alleged that an employee of the university's Office of International Student Services (OISS) told him that a $10,000 bribe was required to secure admission to the university and made racially derogatory statements about Arabs. Id. at *2. The student also claimed that he informed the Assistant Director of Undergraduate Admissions of the

4

situation and that she did nothing to address the problem. Id. at *3. The U.S. District Court for the District of Columbia dismissed the student's negligent supervision claim because he "has not alleged any facts from which to conclude the University knew or should have known of [the OISS employee's] alleged behavior." Id. at *11-12.

Similarly, in Brown, a female minor sued a grocery store and its security contractor for negligent supervision when she was stopped and searched by a security guard for suspected shoplifting. According to the minor, she and the security guard were the only ones present during the alleged search. 782 A.2d at 756. According to the security guard, he and a female employee of the grocery store were present when he questioned the minor. Id. The trial court granted summary judgment to both the grocery store and the security contractor on the negligent supervision claim, and the appellate court affirmed with respect to the grocery store. Id. at 760. The court determined that because there was no evidence a grocery store employee with supervisory power over the security guard saw what occurred or had an opportunity to stop what occurred the minor had no basis for a negligent supervision claim against the grocery store. Id.

In this case, Plaintiff alleges that "an inference can be drawn from Defendants' agents, representatives, and/or employees, deviation of the applicable standard of care in supervising their agents, representatives, and/or employees, and Plaintiff's resulting injuries, namely, Plaintiff's false imprisonment, emotional distress, assault, and violation of civil rights." Complaint, ¶ 125. More specifically, Plaintiff claims that Defendants' agents, representatives, and/or employees falsely imprisoned him, forced him to pay for services he did not receive, and called him a "nigger." Complaints, ¶¶ 121-123. Based on these allegations, Plaintiff asks the Court to infer that Levy, as well as the other Defendants, was negligent in supervising its employees or agents. Complaint, ¶ 125.

5

Plaintiff fails to establish the essential elements of this cause of action. As in <u>Alqahtani</u> and <u>Brown</u>, Plaintiff has alleged no facts from which the Court can reasonably infer that Levy had actual or constructive knowledge of Mr. Nichols' or the security guard's allegedly incompetent behavior.[7] For instance, Plaintiff does not allege that Mr. Nichols had a history of inappropriate encounters with customers, of arguing with customers, or of using racial epithets that Levy should have known about. Nor does Plaintiff claim that Mr. Long, Mr. Nichols' supervisor, was present and failed to take action to diffuse the situation. Because Plaintiff cannot show that Levy had prior knowledge of the allegedly discriminatory and inappropriate behavior, Plaintiff's claim for negligent supervision should be dismissed as insufficient as a matter of law.

Additionally, as discussed above, Plaintiff improperly asks the court to infer that, based on the alleged indignities he endured that evening, Levy must have been negligent in supervising its employees. Complaint, ¶ 125. Even assuming, however, that Plaintiff was treated in the manner he claims, such treatment does not establish the elements of a negligent supervision claim. If allegations of inappropriate or discriminatory treatment necessarily meant that an employee was negligently supervised, the Plaintiffs in <u>Alqahtani</u> and <u>Brown</u> may have established negligent supervision claims. See <u>Alqahtani</u>, 1996 U.S. Dist. LEXIS, at *2-3, 11 (negligent supervision claim dismissed despite Plaintiff's allegations that Defendant's employee made discriminatory remarks toward Plaintiff, and told Plaintiff that he would be required to pay a bribe and have sex with a male employee to gain admission to the school because Plaintiff did not allege any facts from which to conclude the employer knew or should have known of the

---

[7] A claim of negligent supervision does not require proof that the supervised person was also an employee or agent. <u>Brown</u>, 782 A. 2d at 760. In <u>Brown</u>, however, the Court determined that the grocery store was not liable for negligent supervision based on the actions of a security guard it did not employ because "there was no evidence . . . that a person with supervisory authority over [the security guard] saw what occurred or had an opportunity to stop it." <u>Id.</u> Similarly, Plaintiff does not allege any facts indicating that Mr. Nichols supervised the security guard or other evidence that Mr. Nichols could control the security guard. In fact, the evidence will show that the security guard was not a Levy employee.

employee's alleged behavior); Brown, 782 A. 2d at 755 (summary judgment granted on Plaintiff's negligent supervision claim where Plaintiff claimed her minor child, who was accused of shoplifting, was touched in a sexually improper manner during a search because Plaintiff failed to provide evidence that the employer knew or should have known its employee behaved in a dangerous or incompetent manner and also failed to adequately supervise the employee). These cases demonstrate that allegations of discriminatory or inappropriate treatment do not eliminate a Plaintiff's obligation to allege the elements of negligent supervision claim.

C.  The Court Should Dismiss Plaintiff's Negligent Training Claim Because It Fails To State A Claim As A Matter Of Law.

The same elements required for a negligent supervision claim must be established to maintain a negligent training claim. Kivanc v. Chief Charles Ramsey, 407 F. Supp. 2d 270, 274 (D. D. C. 2006) (to establish a common law claim of negligent training or supervision a Plaintiff must demonstrate that that an employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise (or train) the employee). As discussed above, Plaintiff has not established these elements and, therefore, his negligent training claim should be dismissed as well for the same reasons.

### III.  CONCLUSION

For the foregoing reasons, Defendant Levy Premium Foodservice, L.P. respectfully requests that the Court grant its Partial Motion to Dismiss Plaintiff's Complaint and dismiss Counts III, and IV with prejudice.

Dated: May 5, 2006                                    Respectfully Submitted,

/s/
_____
Paul J. Kennedy (DC Bar # 428623)
LITTLER MENDELSON, P.C.
1150 17th Street N.W.
Suite 900
Washington, DC  20036
202.842.3400
202.842.0011(fax)

Counsel for Defendant Levy Premium
Foodservice, L.P.

Firmwide:81065120.1 047948.1003

9