UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD ALLEN MALONE,

    Plaintiff,

v.

LEVY PREMIUM FOODSERVICE, L.P., *et. al.*,

    Defendants.

Case No. 1:06CV00587
Hon. Paul L. Friedman

## DEFENDANT LEVY PREMIUM FOODSERVICE, L.P.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS

### I.    INTRODUCTION

Defendant Levy Premium Foodservice, L.P. ("Levy"), by counsel, pursuant to Local Civil Rule 7, hereby submits its reply to Plaintiff's Opposition to Levy's Partial Motion to Dismiss Plaintiff's Complaint ("Opposition"). Levy respectfully submits that the Court should grant Levy's Partial Motion to Dismiss because Plaintiff's Complaint fails to allege facts sufficient to support a negligent training (Count III) or negligent supervision claim (Count IV).

### II.    ARGUMENT

**A.    Dismissal of Plaintiff's Negligent Supervision and Training Claims Remains Appropriate Because Plaintiff Fails To Establish The Essential Elements Of The Claim.**

As discussed in Levy's Memorandum of Law in Support of its Motion to Dismiss ("Motion to Dismiss"), an essential element of a negligent supervision and a negligent training claim is showing that the employer knew or should have known its employee

behaved in a dangerous or otherwise incompetent manner. Tarpeh-Doe v. United States, 28 F.3d 120, 123 (D.C. Cir. 1994); Alqahtani v. George Washington University, Civ. No. 95-803, 1996 U.S. Dist. LEXIS 4213, at *11-12 (D.D.C. 1996) (dismissing negligent supervision claim because plaintiff "has not alleged any facts from which to conclude the University knew or should have known of [the employee's] alleged behavior."); Brown v. Argenbright Security, Inc., 782 A.2d 752, 760 (D.C. 2001) (dismissing negligent supervision claim against grocery store because there was no evidence a grocery store employee saw what occurred or had an opportunity to stop what occurred); Cf. Murphy v. Army Distaff Foundation, Inc., 458 A.2d 61, 63-64 (D.C. 1983) (reversing summary judgment for employer on negligent supervision claim related to employee's assault of trespasser because evidence showed that employee's supervisor knew employee had engaged in similar behavior in past). Despite his efforts in the Opposition to contort his pleading, Plaintiff does not and cannot allege any acts from which the Court can reasonably infer that Levy had actual or constructive knowledge of Mr. Nichols's or the security guard's allegedly incompetent behavior or that Levy had supervisory control over the security guard.

     **1.**    **Plaintiff Fails to Demonstrate That Levy had Actual or Constructive Knowledge of Any Incompetent Behavior.**

In an effort to survive dismissal, Plaintiff distorts the allegations contained in his Complaint.[1] The only allegations even remotely addressing Mr. Long's knowledge of the incident are that Plaintiff contacted Mr. Long to re-enter the building and that, during their conversation, Mr. Long stated that "there are still some bills we need you to take care of, my

---

[1] Plaintiff misleadingly states three times that Levy "does not dispute that its employees and/or agents acted in an incompetent manner" as support for his negligent supervision and training claims. Opposition, pp. 2-3. A Rule 12(b)(6) motion, of course, tests the legal sufficiency of a complaint and, when evaluating the motion, the Court "must accept the factual allegations as true." Alqahtani, 1996 U.S. Dist. LEXIS 4213, at *6. See also Motion to Dismiss, pg. 1 ("For purposes of this Motion only, Levy will treat Plaintiff's factual allegations as true"). Even assuming the truth of Plaintiff's allegations, as Levy must, his claims cannot survive.

friend." Complaint, ¶¶ 31, 32. In response, Plaintiff allegedly told Mr. Long that he had paid his bill and had "never agreed to pay for his guests' meals" and that Nichols had "agreed to bill everyone separately." Complaint, ¶¶ 33, 34. Plaintiff's untenable leap of faith comes when he attempts to tie the allegations involving Mr. Long to the specific allegations that relate to his negligent supervision and negligent training claims. Those allegations are that he was falsely imprisoned, forced to pay for services he did not receive, and that he was called a "nigger." Complaint, ¶¶ 115-117, 121-123. The allegations in his Complaint are insufficient to make any connection that Mr. Long knew or should have known about the alleged false imprisonment, that Mr. Nichol's called him a "nigger," or that he was forced to pay for services he did not receive. Undaunted, however, Plaintiff take to grossly inflating his contentions by stating in his Opposition that:

- Plaintiff made Mr. Long aware of the situation while it was occurring. . . (Opposition, p. 7).

- Defendants had actual knowledge of the incidents described in Plaintiff's Complaint as Mr. Long was informed as the events unfolded. . . (Opposition, p. 8).

- Unlike in <u>Brown</u>, the acts alleged in Plaintiff's Complaint did not occur outside the presence of a person with supervisory authority as Plaintiff made Mr. Long aware of the situation while it was occurring. . . (Opposition, p. 9).

Even a generous reading of the Complaint reveals that Plaintiff fails to allege any facts legally sufficient to demonstrate that Levy knew or should have known of any incompetent behavior. Without more than conclusory assertions in the Opposition that Mr. Long was "aware" and "informed" of the situation or any allegations in the Complaint to allow an inference, more

importantly, that Levy had some basis to know of its employee's alleged behavior, Plaintiff's claims must fail.

### 2. Plaintiff Fails To Demonstrate That Mr. Nichols Possessed Supervisory Authority Over The Security Guard.

Plaintiff's strained attempt to demonstrate that Mr. Nichols had supervisory authority over the security guard also must fail. As explained in Levy's Partial Motion to Dismiss, a claim of negligent supervision does not requires proof that the supervised person was an employee or agent. Brown, 782 A.2d at 760. Plaintiff, however, must demonstrate that a person with supervisory authority over the employee or agent saw what occurred or had an opportunity to stop it. Id.

In his Complaint, Plaintiff paints with a broad brush in terms of alleging who was employed by whom. He makes allegations about "an unidentified security guard who was an agent, employee, and/or representative."[2] Complaint, ¶ 48. Despite Plaintiff's indiscriminate approach, he does not plead any facts in his Complaint indicating supervisory authority. His Opposition, however, once again embellishes the Complaint by stating that "[i]n fact, it was at the specific direction of Mr. Nichols, after he called the Plaintiff a nigger, that Defendants' security guard threatened to beat the Plaintiff up if he did not leave the club." Opposition, 6-7. Plaintiff's Complaint contains no such allegations. Plaintiff's Opposition, then, cannot cure the Complaint's failure to establish that Mr. Nichols exercised control over the security guard.

Similarly, Plaintiff also now claims that Mr. Nichols directed the security guard by stating "can you please get this nigger out of my face." Yet, even if made, this alleged comment, without more, does not establish the existence of a supervisory relationship.

---

[2] Levy will explore the good faith basis for alleging – and not merely on information and belief – that the security guard was a Levy employee or agent.

4

Plaintiff once again misrepresents his Complaint.

Because Plaintiff cannot show that Levy had knowledge of Mr. Nichols's or the security guard's allegedly incompetent behavior or that Levy had supervisory authority over the security guard, Plaintiff's negligent supervision and negligent training claims are insufficient as a matter of law and should be dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendant Levy Premium Foodservice, L.P. respectfully requests that the Court grant its Partial Motion to Dismiss Plaintiff's Complaint and dismiss Counts III, and IV with prejudice.

Dated: May 24, 2006                              Respectfully Submitted,

/s/
_____
Paul J. Kennedy (DC Bar # 428623)
LITTLER MENDELSON, P.C.
1150 17th Street N.W.
Suite 900
Washington, DC 20036
202.842.3400 Telephone
202.842.0011 Facsimile

Counsel for Defendant Levy Premium Foodservice, L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2006, I electronically filed the foregoing Defendant Levy Premium Foodservice, L.P.'s Reply to Plaintiff's Opposition to Defendant's Partial Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jimmy A. Bell, Esq.
>LAW OFFICES OF JIMMY A. BELL, PC
>9610 Marlboro Pike
>Upper Marlboro, MD 20772
>Attorney for Plaintiff Edward A. Malone
>
>Shirlie Norris Lake, Esq.
>ECCLESTON & WOLF, P.C.
>2001 S Street, N.W.
>Suite 310
>Washington, D.C. 20009
>Attorneys for Defendant Washington Sports & Entertainment, LP
>
>James C. Mehigan, Esq.
>Angela Russel, Esq.
>Wilson Elser Moskowitz
>Edelman & Dicker LLP
>1341 G Street, NW
>Washington, D.C. 20005
>Attorneys for Defendant Lincoln Holdings, Inc.

/s/
_____
Paul J. Kennedy

Firmwide:81114304.1 047948.1003