**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EDWARD ALLEN MALONE,

       **Plaintiff,**

       **v.**

LEVY PREMIUM FOODSERVICE, L.P.,
<u>et al.</u>

       **Defendants.**

**Case No. 1:06CV00587**
**Hon. Paul L. Friedman**

<u>**PLAINTIFF'S AND DEFENDANTS' JOINT RULE 16.3 REPORT**</u>

      Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3, Plaintiff Edward Allen Malone and Defendants Levy Premium Foodservice, L.P., Washington Sports & Entertainment, L.P., and Lincoln Holdings, Inc. hereby submit this Report regarding their planning meeting. The parties participated in a telephone conference on May 25, 2006 to discuss the matters required by the rules.

      1.    <u>Local Civil Rule 16.3(c)(1)</u>

      Plaintiff brings against Defendants a civil action alleging violation of federal anti-discrimination statute and common-law torts. Plaintiff does not believe that the case may be disposed of by dispositive motion. Defendants believe that the case may be disposed of by dispositive motion. If appropriate, Defendants will file dispositive motions within 45 days after the close of discovery.

      2.    <u>Local Civil Rule 16.3(c)(2)</u>

      The parties agree that any other parties should be joined and pleadings should be amended within 60 days after the Meet and Confer Status Conference. The parties agree

that none of the factual or legal issues can be agreed upon or narrowed at this time absent discovery.

        3.      <u>Local Civil Rule 16.3(c)(3)</u>

The parties agree that the case should not be assigned to a Magistrate judge.

        4.      <u>Local Civil Rule 16.3(c)(4)</u>

The parties agree that it is unclear at this time whether there is a realistic possibility of settling the case.  If appropriate, the parties will discuss settlement later in the case.

        5.      <u>Local Civil Rule 16.3(c)(5)</u>

The Plaintiff is open to the referral of this case for mediation purposes only to a Magistrate Judge at this time.  The Defendants agree that the case would not benefit from the Court's alternative dispute resolution procedures at this time.  The Defendants also agree that the Court's alternative dispute resolution procedures may be beneficial after the close of discovery.

        6.      <u>Local Civil Rule 16.3(c)(6)</u>

Defendants believe that the case may be resolved by Motion for Summary Judgment.  Defendants propose that dispositive motions should be filed within 45 days after the close of discovery, oppositions to dispositive motions should be filed within 30 days after the corresponding dispositive motion, and replies to opposition should be filed within 20 days after the corresponding opposition to dispositive motion.  **Plaintiff does not believe that the case may be resolved by Motion for Summary Judgment.  Plaintiff proposes that oppositions to dispositive motions be filed within 45 days after the corresponding dispositive motion, and that replies to oppositions be filed within 30 days after the corresponding opposition to a dispositive motion.**

7.    Local Civil Rule 16.3(c)(7)

The Plaintiff believes the requirements of Federal Rule of Civil Procedure 26(a)(1) should not be modified.  The Defendants agree to dispense with the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1).

8.    Local Civil Rule 16.3(c)(8)

Plaintiff anticipates that discovery will be needed both for Plaintiff's claims and Defendants' defenses thereto.  Defendants anticipate that discovery will be needed on all issues related to Plaintiff's claims and any defenses thereto.  Plaintiff proposes that discovery close on December 5, 2006.  Defendants propose that discovery close on March 5, 2007.  Defendant Levy Premium Food Service, L.P. proposes that the parties be limited to a maximum of 25 interrogatories.  Defendants Washington Sports & Entertainment, L.P. and Lincoln Holdings, Inc., propose that the parties be limited to a maximum of 30 interrogatories.  Plaintiff proposes that the parties be limited to a maximum of 30 interrogatories per adverse party.  Defendants propose that the parties be limited to a maximum of 10 depositions.  Defendant Washington Sports & Entertainment, L.P. and Lincoln Holdings, Inc. propose that each deposition may be a maximum of nine hours and may be conducted over a two-day period.  Defendant Levy Premium Foodservice, L.P. agrees that Plaintiff's deposition may be a maximum of nine hours given that multiple Defendants must question Plaintiff, but otherwise submits that the parties comply with the limits contained in the Federal Rules.  Defendants believe that a protective order may be appropriate.  Plaintiff proposes that depositions be limited to a maximum of 10 per party, that each deposition be limited to a maximum of 5 hours, and that each shall be conducted in a single day.

The parties agree that it is not necessary to place any limitations on discovery in addition to the limitations of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

9.    Local Civil Rule 16.3(c)(9)

The parties agree that the exchange of expert witness reports and information required by Federal Rule of Civil Procedure 26(a)(2) should occur as follows:  Plaintiff will provide any expert witness reports and other information required within 60 days after the Meet and Confer Status Conference and Defendants will provide any expert witness reports and other information required within 120 days after the Meet and Confer Status Conference.  The parties agree that depositions of experts will likely be necessary and should occur during discovery.

10.    Local Civil Rule 16.3(c)(10)

Not applicable.

11.    Local Civil Rule 16.3(c)(11)

The parties agree that discovery and/or trial should not be bifurcated.  Plaintiff proposes that discovery close December 5, 2006.  Defendants propose that discovery close on March 5, 2007.

12.    Local Civil Rule 16.3(c)(12)

Plaintiff proposes that the Court should set the date for the pretrial conference for March 5, 2007.  Defendants propose that the Court should set the date for the pretrial conference for July 5, 2007.

13.    Local Civil Rule 16.3(c)(13)

The parties agree that the Court should decide when a firm trial date should be set. The parties further agree that the Court should set a firm trial date at the pretrial conference. Plaintiff proposes that the Court shall set the pretrial date at the initial scheduling conference.


Respectfully submitted,


Dated:  May 30, 2006                          /s/_____
                                              Jimmy A. Bell
                                              Janelle Natasha Richards
                                              Law Office of Jimmy A. Bell
                                              9610 Marlboro Pike
                                              Upper Marlboro, Maryland 20772
                                              301.599.7620  telephone
                                              301.599.7623  facsimile

                                              Counsel for Plaintiff Edward Allen Malone



                                              LITTLER MENDELSON, P.C.


                                              /s/_____
                                              Paul J. Kennedy (D.C. Bar No. 428623)
                                              1150 17th Street, N.W., Suite 900
                                              Washington, D.C.  20036
                                              202.842.3400  telephone
                                              202.842.0011  facsimile

                                              Counsel for Defendant Levy Premium
                                              Foodservice, L.P.

ECCLESTON & WOLF, P.C.


/s/
_____

Shirlie Norris Lake (Bar No. 454327)
Nicholas B. Ruehs
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
202.857.1696  telephone
202.857.0762  facsimile

Counsel for Defendant Washington Sports
& Entertainment, L.P.



WILSON, ELSER, MOSKOWITZ,
EDELMAN, & DICKER, LLP



/s/
_____

James C. Mehigan (Bar No. 480691)
Angela Williams Russell (Bar No. 447537)
1341 G Street, N.W.
Washington, D.C. 20005
202.626.7660  telephone
202.628.3606  facsimile

Counsel for Lincoln Holdings, Inc.