UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD ALLEN MALONE,

    Plaintiff,

v.

LEVY PREMIUM FOODSERVICE, L.P., *et. al.*,

    Defendants.

Case No. 1:06CV00587
Hon. Paul L. Friedman

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S INITIAL DISCLOSURES

Defendants Levy Premium Foodservice, L.P. ("Levy"), Washington Sports & Entertainment, L.P. ("Washington Sports"), and Lincoln Holdings, LLC. jointly by counsel, pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure and Local Civil Rules 7 and 26.2, submit this Motion and Statement of Points and Authorities to Compel Plaintiff's Initial Disclosures:

### I.   STATEMENT OF FACTS

In accordance with Rule 26(f), all counsel communicated with each other about the requisite pre-trial and discovery issues prior to the Court's scheduling conference on June 21, 2006. In the course of these discussions, Defendants' respective counsel maintained that Rule 26(a)(1) initial disclosures were unnecessary in this case. Plaintiff's counsel, however, refused to waive the initial disclosures. The parties' respective positions are reflected in Plaintiff's and Defendants' Joint Rule 16.3 Report filed on May 30, 2006. (See Report, ¶ 7).

Immediately following the scheduling conference on June 21, 2006, the Court entered a Scheduling Order, adopting Plaintiff's position, that provides, among other things, that

"[d]isclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be made by July 5, 2006." Scheduling Order, ¶ 5.

Each of the Defendants have made their initial disclosures. Plaintiff, however, failed – and has continued to fail – to do so. At this point, Plaintiff's disclosures are approximately one month overdue.

In an effort to secure compliance with the Court's Order, both Levy and Washington Sports attempted, without success, to communicate with Plaintiff's counsel. Attached hereto as Exhibit A are three emails, one sent on July 18, another on July 31, and a third on August 1, aimed at obtaining Plaintiff's cooperation and requesting a meet-and-confer to address Plaintiff's lack of compliance. Notwithstanding these overtures, Plaintiff has failed to even acknowledge these communications, much less provide the already past-due disclosures or an explanation for why the disclosure have not been made. Thus, Defendants are left with no choice other than seeking the Court's assistance.

## II.    ARGUMENT AND STATEMENT OF POINTS AND AUTHORITIES

Local Civil Rule 26.2(a) provides:

> A party that without substantial justification fails to disclose information required by this Rule or by Rule 26(a) or 26(e)(1), F.R.Civ.P., or to amend a prior response to discovery as required by Rule 26(e)(2), F.R.Civ.P., is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. These sanctions may include any of the actions authorized under Rule 37(b)(2)(A),(B), and (C), F.R.Civ.Proc., in addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, and may also include informing the jury of the failure to make the disclosure.[1]

---

[1] Rule 37(b)(2)(A),(B), and (C) authorize the Court to issue sanctions, which can include:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; (C) An order striking

In light of Plaintiff's sustained failure to provide initial disclosures in accordance with the Court's Scheduling Order – despite multiple requests for cooperation, Defendants seek the Court's intervention to issue sanctions for Plaintiff's non-compliance. Sanctions are especially appropriate here since Plaintiff insisted on requiring that the parties make initial disclosures, but now has willfully disregarded his obligation to provide them. Defendants should not be in the position of having to chase Plaintiff to provide information that he insisted the parties provide.[2]

Accordingly, Defendants request that the Court compel Plaintiff to provide his initial disclosures or, alternatively, enter appropriate sanctions in accordance with Local Civil Rule 26.2 and Rule 37(b)(2). In addition, Defendants ask that the Court order Plaintiff to pay their reasonable costs, including attorneys' fees, associated with this Motion.

### III. RULE 7(m) STATEMENT

Counsel have sent three emails to counsel for Plaintiff, on July 18, July 31, and August 1, seeking to discuss the overdue disclosure, none of which received a response. Counsel for Levy also left a message with counsel for Plaintiff on August 3, which has not been returned as of the date of this Motion.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion to Compel Initial Disclosures in all respects.

---

out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

[2] Plaintiff's disregard of his disclosure obligation is particularly disconcerting given his "hardball" approach by which he sought a default judgment against Defendant Lincoln Holdings LLC for its purported failure to file a timely answer. While the Court summarily denied Plaintiff's request for a default, his motion, ironically, reveals a hyper-technical view of procedural compliance, which apparently he believes is unilateral.

Dated: August 4, 2006

Respectfully submitted,

LITTLER MENDELSON, P.C.

By: _____/s/_____
Paul J. Kennedy (D.C. Bar #428623)
1150 17th Street, N.W., Suite 900
Washington, D.C. 20005
(202) 842-3400 Telephone
(202) 842-0011 Facsimile
pkennedy@littler.com

Counsel for Defendant Levy Premium Foodservice, L.P.

ECCLESTON & WOLF, P.C.

By: _____/s/_____
Shirlie Norris Lake
Nicholas B. Reuhs
2001 S Street, N.W.
Suite 310
Washington, D.C. 20009
(202) 857-1696 Telephone
(202) 857-0762 Facsimile

Counsel for Defendant Washington Sports & Entertainment, LP


WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

By: _____/s/_____
James C. Mehigan
Angela Russell
1341 G Street, NW
Washington, D.C. 20005
(202) 626-7660 Telephone
(202) 628-3606 Facsimile

Counsel for Defendant Lincoln Holdings, LLC

## CERTIFICATE OF SERVICE

I hereby certify that, on August 4, 2006, a copy of the foregoing Defendants' Motion to Compel Initial Disclosures was served electronically and by first-class mail, postage prepaid, upon the following:

>Jimmy A. Bell, Esq.
>Janelle N. Richards, Esq.
>LAW OFFICES OF JIMMY A. BELL, PC
>9610 Marlboro Pike
>Upper Marlboro, MD  20772
>Attorneys for Plaintiff Edward A. Malone
>
>Shirlie Norris Lake, Esq.
>Nicholas B. Reuhs, Esq.
>ECCLESTON & WOLF, P.C.
>2001 S Street, N.W.
>Suite 310
>Washington, D.C.  20009
>Attorneys for Defendant Washington Sports & Entertainment, LP
>
>James C. Mehigan, Esq.
>Angela Russell, Esq.
>WILSON, ELSER, MOSKOWITZ,
>EDELMAN & DICKER LLP
>1341 G Street, NW
>Washington, D.C.  20005
>Attorneys for Defendant Lincoln Holdings, Inc.

/s/ _____
Paul J. Kennedy

Firmwide:81345129.1 047948.1003