IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD ALLEN MALONE, | |
| Plaintiff | Civil Action No.: 06-0587 |
| | Judge Paul L. Friedman |
| v. | Next Event: Defendants' Expert |
| | Disclosures 10/3/06 |
| WASHINGTON SPORTS & ENTERTAINMENT, LP, et al. | |
| Defendants. | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LINCOLN HOLDING, LLC'S MOTION FOR SUMMARY JUDGMENT

Defendant Lincoln Holdings, LLC (hereinafter "Lincoln") states the following in support of its Motion for Summary Judgment on plaintiff's Complaint:

**I.   STATEMENT OF FACTS**

Plaintiff alleges that he had a birthday party at the Acela Club, a restaurant located in the Verizon Center on March 21, 2006. Plaintiff allegedly told the manager of the Acela Club that each table should be billed separately. After some of the tables included in plaintiff's party left without paying, plaintiff was asked to pay those tables' checks. Plaintiff alleges that he was confronted by employees of the Acela Club and the Verizon Center regarding the unpaid bill and has brought this claim based on their interaction.

**II.  SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where the moving party demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Under Rule 56(c) of the Federal Rules of Civil Procedure,

232584.1                                          6

summary judgment should be granted when, considering the pleadings and discovery on file in the case, it appears clear "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A disputed fact is material only if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, 447 U.S. 242, 248 (1986). Moreover, a dispute of material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. Once the moving party has provided the court with sufficient grounds for summary judgment, the nonmoving party must produce sufficient evidence to the court that a genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

### III.   ARGUMENT

**A.   Plaintiff's claims fail because he cannot establish as a matter of law that defendant Lincoln Holdings, LLC can be held vicariously liable for the actions of the Acela Club or Verizon Center employees.**

Plaintiff alleges that Lincoln is a 45% owner of the Verizon Center. Complaint ¶ 7. Plaintiff alleges that he was falsely imprisoned by "[d]efendants, by and through their agents, representatives, and/or employees." Complaint ¶ 101. Plaintiff also alleges that through its agents, representatives, and/or employees, Lincoln intentionally inflicted emotional distress upon him. Complaint ¶¶ 110-113. Plaintiff claims that Lincoln, through its agents, negligently trained and supervised its employees. Complaint ¶¶ 114-125. Finally, plaintiff states that Lincoln, through its agents, caused plaintiff "to be put in reasonable apprehension of an imminent battery." Complaint ¶ 129. Plaintiff's entire claim against Lincoln is based on vicarious liability. However, plaintiff cannot demonstrate that a master-servant relationship existed between Lincoln and the individuals involved in the purported confrontation ("the employees"). Therefore, defendant Lincoln's Motion for Summary Judgment should be granted and Lincoln should be dismissed as a matter of law.

232584.1                                                          7

To succeed on a master-servant theory of liability, plaintiff must show that a master-servant relationship existed between Lincoln and the employees. Wadley v. Aspollaga, 163 F. Supp. 2d 1, 6 (D.D.C. 2001). The court considers a number of factors when determining whether there is a master-servant relationship: (1) the selection and engagement of the servant; (2) the payment of wages; (3) the power to discharge; (4) the power to control the servant's conduct; (5) and whether the work is part of the regular business of the employer. Id. at 7.

Plaintiff's allegations fail to satisfy even one of these factors. Moreover, Plaintiff does not allege any facts supporting a master-servant relationship. See Complaint. Lincoln is merely a minority shareholder of Washington Sport & Entertainment, LP. Burrows Affidavit at ¶ 2. It has no ownership interest in the Verizon Center. Id. at ¶ 3. Therefore, Lincoln does not play any role in the selection and engagement of employees or the payment of wages. Id. at ¶ 4. Lincoln does not have the power to discharge any of the Verizon Center's employees or control their conduct. Id. at ¶¶ 5 and 6. Plaintiffs cannot demonstrate that Lincoln has the power to control any of the employees involved in the alleged altercation as Lincoln is merely a minority shareholder of Washington Sports & Entertainment, LP and has no direct ownership in the Verizon Center.

Furthermore, discovery in this matter will not produce any material facts in dispute regarding the corporate identity of Lincoln Holdings, LLC or its ability to control, direct or supervise the employees referenced in plaintiff's Complaint. Plaintiff cannot establish liability against Lincoln Holdings, LLC, based on a vicarious liability theory, as a matter of law.

### III. CONCLUSION

WHEREFORE, defendant Lincoln Holdings, LLC. requests the Court grant its Motion for Summary Judgment and any other such relief as this Court deems appropriate.

Respectfully Submitted,
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

_____/s/_____
Angela W. Russell, #447537
James C. Mehigan, #480691
1341 G Street, NW, Suite 500
Washington, D.C. 20005
(202) 626-7660
(202) 628-3606 fax

*Attorneys for Defendant*
*Lincoln Holdings, Inc.*