**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EDWARD ALLEN MALONE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 1:06-cv-00587-PLF |
| v. | ) | |
| | ) | |
| LEVY PREMIUM FOODSERVICE, | ) | |
| LP, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT LINCOLN HOLDINGS, LLC'S MOTION TO COMPEL DISCOVERY OR IN THE ALTERNATIVE MOTION TO DISMISS WITH PREJUDICE**

Defendant Lincoln Holdings, LLC (hereinafter referred to as "Lincoln"), by and through counsel, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, hereby moves for an Order compelling Plaintiff to produce responses to Lincoln's written discovery or in the alternative to dismiss with prejudice, and for reasons states:

1.    On May 23, 2006 Lincoln served interrogatories and requests for production of documents on Plaintiff. The Court held a scheduling conference on June 21, 2006, at which time it issued a scheduling order, thereby ordering discovery.

2.    Plaintiff's discovery responses therefore became due July 21, 2006, thirty (30) days after the scheduling conference.

3.    Plaintiff however has failed to provide responses to Lincoln's written discovery requests and has made no effort to contact undersigned counsel for an extension to produce these written discovery responses.

4.    In compliance with Local Civil Rule 7(m), undersigned counsel contacted Plaintiff's counsel via email on August 4, 2006 and again on August 10, 2006 by email in a good faith effort to resolve this discovery issue. *See*, **Exhibit 1**, Emails to Plaintiff's Counsel.

240090.1

Plaintiff's counsel, however, has refused to respond to undersigned counsel's attempts to resolve this discovery issue.

5.      In view of Plaintiff's failure to timely produce written discovery responses, Lincoln requests an Order compelling responses within ten (10) days from the date said Order.

6.      In the event Plaintiff fails to produce these written discovery responses pursuant to the Court's Order, Lincoln requests that Plaintiff's claims be dismissed with prejudice.

7.      Federal Rule 37(d) of the Federal Rules of Civil Procedure provides that when a party fails to produce responses to written discovery the Court "may make such orders in regard to the failure as are just," including but not limited to issuing:

(A)     An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B)     An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters into evidence;

(C)     **An order striking pleadings or parts thereof, or staying further pleadings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.**

8.      In this case, in view of the pattern of stubborn refusal to cooperate in discovery, dismissal with prejudice is the only appropriate relief.  As the Court is aware, Plaintiff has failed to produce timely initial disclosures, even though he alone opposed waiving initial disclosures. He ignored repeated written and telephonic requests to produce initial disclosures, necessitating a motion to compel, which Plaintiff then failed to oppose.  Plaintiff also refused to respond to Defendant Levy Premium Food Service's written discovery, ignoring repeated written and telephonic requests to produce this discovery.   This too required a motion to the court for relief, which Plaintiff failed to oppose.  Now here, Plaintiff again has refused to respond to Lincoln's

240090.1

written discovery requests, ignoring two (2) written requests to resolve this discovery dispute. The message Plaintiff is sending is loud and clear: he will not cooperate in discovery.

9.    Accordingly, should Plaintiff fail to produce responses to Lincoln's written discovery pursuant Court Order, as requested above, in view of Plaintiff's repeated defiance of the discovery rules and this Court, Lincoln requests dismissal with prejudice of all claims against it.

WHEREFORE, for the foregoing reasons, Defendant Lincoln Holdings, LLC respectfully requests this honorable Court to grant its Motion to Compel Discovery or In the Alternative Motion Dismiss With Prejudice.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:    /s/    James C. Mehigan
Angela W. Russell, #447537
James C. Mehigan, #480691
1341 G Street, NW, Suite 500
Washington, D.C.  20005
(202) 626-7660
(202) 628-3606 fax

*Attorneys for Defendant*
*Lincoln Holdings, LLC*

240090.1

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT a copy of the foregoing Motion was served by electronic

filing on this 22nd day of August, 2006 to:

> Jimmy A. Bell, Esq.
> Law Office of Jimmy A. Bell, P.C.
> 9610 Marlboro Pike
> Upper Marlboro, Maryland  20772
>
> Shirlie Norris Lake, Esq.
> Eccleston & Wolf, P.C.
> 2001 S Street, N.W.
> Suite 310
> Washington, D.C. 20009
>
> Paul J. Kennedy, Esq.
> 1150 17th Street, N.W. Suite 900
> Washington, D.C. 20036

> /s/ James C. Mehigan
> James C. Mehigan