UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EDWARD ALLEN MALONE, | ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. 06-00587 (PLF) |
| LEVY PREMIUM FOODSERVICE, L.P., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM OPINION AND ORDER

The matter before the Court is the motion of defendant Levy Premium Foodservice, L.P. ("Levy") to dismiss the complaint in part under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Plaintiff alleges that agents, representatives and/or employees of Levy committed constitutional and non-constitutional torts against him and that Levy negligently trained and supervised those persons. Complaint ("Compl.") ¶¶ 1, 118-19, 124-25. The other defendants in the case are Washington Sports & Entertainment, LP and Lincoln Holdings LLC.

*A. Standard of Review*

On a motion to dismiss for failure to state a claim, the Court must assume the truth of the facts alleged in the complaint and may grant the motion only if it appears beyond doubt that the complainant will be unable to prove any set of facts that would justify relief. Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint is construed liberally in plaintiff's favor, and the Court must

grant plaintiff the benefit of all reasonable inferences that can be derived from the facts alleged. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); accord Andrx Pharms. v. Biovail Corp. Int'l, 256 F.3d 799, 805 (D.C. Cir. 2001). Nonetheless, the Court need not accept factual inferences suggested by the plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept the complainant's legal conclusions. See Western Associates, Ltd. v. Market Square Associates, 235 F.3d 629, 634 (D.C. Cir. 2001); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d at 1276.

Defendant argues that Counts 3 and 4 of the complaint fail to state a claim on which relief can be granted. Because the same elements required to prove plaintiff's negligent supervision claim (Count 3) are also required to prove plaintiff's negligent training claim (Count 4), the two claims will be addressed together. See Kivanc v. Ramsey, 407 F.Supp.2d 270, 274 (D.D.C. 2006).

*B. Counts 3 and 4*

Levy argues that Counts 3 and 4 fail to meet the pleading standards of Rule 8(a)(2) of the Federal Rules of Civil Procedure because plaintiff has failed to set forth the essential elements of these causes of action showing that he is entitled to relief. Memorandum of Law in Support of Defendants' Partial Motion to Dismiss ("Def. Mem.") at 3. Plaintiff responds that he has pleaded facts in the complaint sufficient to advance both claims. Plaintiff's Opposition to Defendants' Partial Motion to Dismiss ("Pls Opp.") at 4. Plaintiff explicitly states in each of these challenged counts that he "re-pleads and re-alleges" each of the previous paragraphs of the complaint "with the same force and effect as if set forth separately at length

herein." Compl. ¶¶ 114, 120.

Under District of Columbia law, to invoke the common law torts of negligent training and supervision, "it is incumbent upon a party to show that an employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise [or train] the employee." Giles v. Shell Oil Corp., 487 A.2d 610, 613 (D.C. 1985). Plaintiff must also allege, and ultimately prove, that the defendant's negligence was a substantial factor in bringing about the harm allegedly suffered. Tarpeh-Doe v. United States, 28 F.3d 120, 124 (D.C. Cir. 1994).

Rule (8)(a)(2) of the Federal Rules of Civil Procedure requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." That statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993).

Accepting all of plaintiff's factual allegations in Counts 3 and 4 (including those incorporated by reference) as true and construing them liberally, as the Court must on a motion to dismiss, the Court is able to identify what plaintiff's claims are and the facts upon which those claims rest. Plaintiff bases his negligent training and negligent supervision claims on the facts pleaded and alleged in his complaint that took place at or around the Acela Club on March 21, 2006. Compl. ¶¶ 114-25. The facts and allegations set forth in the complaint include, among other things, assertions that agents, representatives and/or employees of Levy (1) made racially derogatory remarks to plaintiff; (2) failed to adequately perform duties in relation to billing and

soliciting payment from plaintiff and his guests; and (3) effectively detained plaintiff against his will when he went to re-enter the restaurant to retrieve his jacket and car keys from the Acela Club. Compl. ¶¶ 14-73, 82, 91, 98-99.

Defendant asserts that plaintiff "has alleged no facts from which the Court can reasonably infer that Levy had actual or constructive knowledge" of incompetent behavior on the part of any agent, representative and/or employee. Def. Mem. at 6. This Court finds that plaintiff sufficiently has alleged facts that would demonstrate actual knowledge of incompetent behavior on the part of at least one agent, representative or employee of defendant. Plaintiff alleges that Mr. Kenny Nichols, manager of the Acela Club, and allegedly an agent, representative, and/or employee of defendant, (1) knew that the plaintiff and his guests were to be billed separately; (2) participated in the dispute over how plaintiff and his guests were billed and ultimately charged plaintiff for the unpaid portion of his guests' bill; and (3) called plaintiff a "nigger." Compl. ¶¶ 14, 44-56, 70. For these reasons, the Court denies Levy's motion to dismiss Counts 3 and 4 of the complaint. Accordingly, it is hereby

ORDERED that the partial motion to dismiss of defendant Levy Premium Foodservice, L.P. is DENIED.

SO ORDERED.

_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 1, 2006