### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **EDWARD ALLEN MALONE,**<br><br>     **Plaintiff,**<br><br>     **v.**<br><br>**LEVY PREMIUM FOODSERVICE, L.P.,** *et. al.*,<br><br>     **Defendants.** | **Case No. 1:06CV00587**<br>**Hon. Paul L. Friedman** |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS LEVY PREMIUM FOODSERVICE L.P. AND WASHINGTON SPORTS & ENTERTAINMENT, L.P.'S  FEE PETITION

Pursuant to the Court's August 22, 2006 order, Defendant Levy Premium Foodservice, L.P. ("Levy") and Defendant Washington Sports & Entertainment, L.P. ("WSE"), jointly by counsel, hereby submit this Memorandum of Law in Support of their Fee Petition[1].

### I.  PROCEDURAL HISTORY

On June 21, 2006, the Court entered a Scheduling order, adopting Plaintiff's position, that provides, among other things that "[d]isclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be made by July 5, 2006."  Defendants Levy, WSE, and Lincoln made numerous efforts to secure compliance with the Court's Order and obtain Plaintiff's Initial Disclosures, which Plaintiff failed to acknowledge.  On August 4, 2006, after Plaintiff's disclosures were over a month overdue, Defendants Levy, WSE, and Lincoln filed a Motion to Compel Initial Disclosures.

---

[1] Defendants Lincoln Holdings, LLC ("Lincoln") did not incur any legal fees in connection with Plaintiff's failure to provide initial disclosures in a timely manner.

On June 21, 2006, Levy hand delivered on counsel for Plaintiff its First Request for Production of Documents and First Set of Interrogatories. Plaintiff failed to respond to the discovery requests in a timely manner. Levy attempted to confer in good faith with Plaintiff's counsel regarding the overdue discovery responses. Because Plaintiff failed to respond to Levy's efforts, Levy filed a Motion to Compel discovery on August 7, 2006.

On August 22, 2006, the Court granted the Motion to Compel Initial Disclosures and the Motion to Compel Discovery. In its Order, the Court also awarded Defendants reasonable expenses, included attorneys' fees, caused by Plaintiff failure to provide initial disclosures and by his failure to respond to Levy's discovery requests.

## II.  EVIDENTIARY SUPPORT FOR DEFENDANTS' FEE PETITION

Pursuant to the Court's Order, Levy and WSE are entitled to recover the reasonable attorneys' fees and expenses they paid to counsel stemming directly from Plaintiff's failure to provide initial disclosures. Additionally, Levy is entitled to recover attorneys' fees due to Plaintiff's failure to respond to its discovery requests. These fees relate to the time spent communicating with Plaintiff and co-counsel regarding Plaintiff's failure to provide initial disclosures and responses to Levy's discovery requests, and the preparation and drafting of the Motion to Compel Initial Disclosures, the Motion to Compel Discovery, and the instant Fee Petition. Specifically, Defendants Levy and WSE seek recovery of the tasks identified in the attached invoices. (See Exhibit 2, Levy invoice; Exhibit 3, Affidavit of Shirlie Norris Lake and WSE invoice).

## III.    CALCULATION OF ATTORNEYS' FEES

To determine the attorneys' fee award the Court must establish the lodestar fee – the hourly rate multiplied by the number of hours reasonably expended on the matter. Bolden v. J.R.

Inc., 135 F. Supp. 2d 177, 179 (D. D. C. 2001); citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

        1.        Hourly Rate

Reasonable fees are calculated according to the prevailing market rates in the relevant community for similar work by attorneys with comparable experience. To demonstrate the reasonableness of an hourly rate, a fee applicant must establish "(1) the attorneys' billing practices; (2) the attorneys' skill, experience, and reputation; and (3) the prevailing market rates in the relevant community." Covington v. District of Columbia, 57 F. 3d 1101, 1107 (D.C. Cir. 1995), cert. denied, 516 U.S. 1115 (1996). With respect to the first two elements, Mr. Kennedy, counsel for Levy, has approximately 22 years of legal experience, and has been a member of the District of Columbia Bar since 1989. (Exhibit 1, Declaration of Paul J. Kennedy, ¶ 3). Mr. Kennedy is also licensed to practice in Texas and Virginia. (Id.). Additionally, there are no grievances pending against Mr. Kennedy in any jurisdiction, and he has never been reprimanded, suspended, disbarred, or resigned from the practice of law in any jurisdiction. (Id., ¶ 4). Ms. Lake, counsel for WSE, has approximately 26 years of legal experience, and has been a member of the District of Columbia Bar since 1997. (Exhibit 3, Affidavit of Shirlie Norris Lake and WSE invoice, ¶ 2). Ms. Lake is also licensed to practice in Maryland. (Id.) Both Mr. Kennedy and Ms. Lake possess extensive experience in the representation of Defendants involved in litigation similar to the above-captioned matter. (Exhibit 1, Declaration of Paul J. Kennedy, ¶ 5; Exhibit 3, Affidavit of Shirlie Norris Lake and WSE Invoice, ¶ 7).

In this case, Mr. Kennedy, a shareholder with 22 years of legal experience, billed Levy $420.00 per hour for his legal services. (Exhibit 1, Declaration of Paul J. Kennedy, ¶6). Ms. Lake, a principal with 26 years of legal experience, billed WSE $150.00 per hour for her legal

services.  To determine prevailing market rates, the Court refers to the updated <u>Laffey</u> matrix prepared by the United States Attorney's Office.[2]  <u>Blackman v. District of Columbia</u>, 59 F. Supp. 2d 37, 43 (D. D. C. 1999) (using the <u>Laffey</u> matrix as "a point of reference" to determine prevailing market rates);  <u>Jefferson v. Milvets System Technology, Inc.</u>, 986 F. Supp. 6, 11 (D. D. C. 1997) (relying on the Laffey matrix as a guide for establishing reasonable fees).  According to the updated U.S. Attorney's Office <u>Laffey</u> Matrix, the reasonable hourly rate for an attorney with over 20 years of legal experience is $425.00 per hour.  (Exhibit 4, <u>Laffey</u> Matrix).  Therefore, Mr. Kennedy's and Ms. Lake's hourly fees are reasonable in the District of Columbia for attorneys of their experience level.

      2.     <u>Number of Hours Expended</u>

The Court must also determine the "reasonableness of the number of hours expended." <u>Blackman</u>, 59 F. Supp. 2d at 44.  In sum, Levy and WSE spent 5.6 hours communicating with Plaintiff and co-counsel regarding Plaintiff's failure to provide initial disclosures and responses to Levy's discovery requests, and then preparing and drafting the relevant motions.  (Exhibit 2, Levy Invoice; Exhibit 3, Affidavit of Shirlie Norris Lake and WSE Invoice).  The hours expended are reasonable and necessary in light of the tasks accomplished.

## IV.  CONCLUSION

Based on the evidentiary support set forth herein, Levy and WSE respectfully request that the Court award it attorneys' fees in the amount of $1,650, the lodestar fee, against Plaintiff Edward A. Malone.

---

[2] The <u>Laffey</u> matrix, a schedule of rates based on years of legal experience, was originally developed in <u>Laffey v. Northwestern Airlines, Inc.</u>, 572 F. Supp. 354 (D. D. C. 1983),  <u>rev'd on other grounds</u>, 746 F.2d 4 (D.C. Cir. 1984), <u>cert. denied</u>, 472 U.S. 1021 (1985).

Dated:  September 5, 2006                   Respectfully submitted,


                                            LITTLER MENDELSON, P.C.

                                     By:    _____/s/_____
                                            Paul J. Kennedy (D.C. Bar #428623)
                                            1150 17th Street, N.W., Suite 900
                                            Washington, D.C.  20005
                                            (202) 842-3400  Telephone
                                            (202) 842-0011  Facsimile
                                            pkennedy@littler.com

                                            Counsel for Defendant Levy Premium Foodservice,
                                            L.P.

                                            ECCLESTON & WOLF, P.C.

                                     By:    _____/s/_____
                                            Shirlie Norris Lake
                                            Nicholas B. Reuhs
                                            2001 S Street, N.W.
                                            Suite 310
                                            Washington, D.C.  20009
                                            (202) 857-1696 Telephone
                                            (202) 857-0762 Facsimile

                                            Counsel for Defendant Washington Sports &
                                            Entertainment, LP