IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **EDWARD A. MALONE,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Action No. 06-00587 (PLF) |
| **LEVY PREMIUM FOOD SERVICE, et al.,** | ) ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFF'S COUNSEL'S RESPONSE TO SHOW CAUSE ORDER**

Plaintiff Edward A. Malone, by and through counsel, Janelle N. Richards, Esq. and The Law Office of Jimmy A. Bell, P.C., respectfully presents this Response to this Honorable Court's Show Cause Order dated September 1, 2006. The specific grounds for Plaintiff's Response are set forth more fully below.

**BACKGROUND**

On June 21, 2006 this Court issued a Scheduling Order stating that initial disclosures would be due on July 5, 2006. As Plaintiff had yet to provide Defendants with his initial disclosures, on August 4, 2006 Defendants filed a Motion to Compel Initial Disclosures. Plaintiff's Counsel explained the urgency of this situation to the Plaintiff, but was still unable to obtain the information necessary to provide initial disclosures to the Defendants. As such, Plaintiff's Counsel could not in good faith oppose Defendants' Motion or seek an extension to provide initial disclosures as Plaintiff had not at that time informed Counsel of any compelling reason for his failure to assist Counsel in complying with this Court's Scheduling Order.

However, on August 16, 2006, Plaintiff provided Defendants with initial disclosures that were supplemented on September 5, 2006, and further supplemented on September 7, 2006.

On June 21, 2006, Defendant Levy served its First Set of Interrogatories and First Request for Production of Documents upon Plaintiff. Upon receipt, Plaintiff's Counsel provided these discovery requests to the Plaintiff. However, Plaintiff failed to provide his Counsel with the information necessary to respond to Defendant Levy's discovery requests. On August 7, 2006, Defendant Levy filed a Motion for an Order Compelling Discovery. As before, Plaintiff's Counsel explained the urgency of this situation to the Plaintiff, but was still unable to obtain the information necessary to respond to Defendant Levy's discovery requests. As such, Plaintiff's Counsel could not in good faith oppose Defendants' Motion for an Order Compelling discovery or seek an extension to provide initial disclosures as Plaintiff had not at that time informed Counsel of any compelling reason for his failure to assist Counsel in complying with the Defendant's discovery requests. However, on August 24, 2006, Plaintiff provided Defendant Levy with Answers to its interrogatories, and on September 5, 2006, Plaintiff provided Defendant Levy with Responses to its Request for Production of Documents.

On August 22, 2006, Defendant Lincoln Holdings also filed a Motion to Compel Discovery. Unbeknownst to this Court, on August 31, 2006, Plaintiff and Defendant Lincoln Holdings agreed to dismiss Defendant Lincoln Holdings from this matter with each party to bear its own costs. However, pursuant to Fed. R. Civ. P. 41(a), the parties also required consent from Defendant Levy and Defendant Washington Sports prior to filing a joint stipulation of dismissal. While Plaintiff was awaiting consent from Defendant Levy and Defendant Washington Sports, this Court, unaware of the forthcoming joint stipulation of dismissal in regards to Defendant

Lincoln Holdings, issued an Order to Show Cause which cited Plaintiff's failure to respond to Defendant Lincoln Holdings' discovery requests. Plaintiff nonetheless provided Defendant Lincoln Holdings with Answers to its discovery requests on September 5, 2006. On September 7, 2006, Plaintiff filed a Joint Stipulation of Dismissal signed by all parties to dismiss Defendant Lincoln Holdings from this matter. Additionally, and also unbeknownst to this Court, Plaintiff's Counsel is currently in the midst of settlement discussions with counsel for both Defendants Levy and Defendant Washington Sports.

On August 22, 2006, this Court granted Defendants' Motion to Compel Initial Disclosures and Defendant Levy's Motion to Compel Discovery. On September 1, 2006, this Honorable Court issued an Order to Show Cause why Plaintiff's counsel should not be held in contempt. Through this Response to that Order, Plaintiff's Counsel wishes to directly apologize to this Court for their perceived non-compliance and uncooperativeness, and to relay that Counsel in no way intended to be disrespectful to either this Court or Defendants' Counsel. As of the filing of this Response, Plaintiff has provided Defendants with initial disclosures and also responded to all Defendants' discovery requests.

## ARGUMENT

**I.   STANDARD FOR SANCTIONS**

"The Court has the inherent authority to impose sanctions against an attorney for misconduct. The misconduct 'must constitute "bad faith" to justify invoking the court's inherent powers.'" Morrison v. International Programs Consortium, Inc., et al., 240 F. Supp. 2d 53 (D.D.C. 2003), citing U.S. v. Wallace et al., 296 U.S. App. D.C. 93, 964 F. 2d 1214, 1217 (D.C.

Cir. 1992). "Bad faith must be established by clear and convincing evidence before the court may impose such sanctions." Id., citing Shepherd v. ABC, 62 F.3d 1469, 1478.

"Although the standard under section 1927 is somewhat unsettled, attorney behavior must be *at least* 'reckless' to be sanctionable under that section and must constitute 'bad faith' to justify invoking the court's inherent powers." U.S. v. Wallace, et al., 296 U.S. App. D.C. 93, 964 F. 2d 1214, 1217 (D.C. Cir. 1992).

II.     **PLAINTIFF'S COUNSEL IN THE ABOVE-CAPTIONED MATTER DID NOT EVINCE BAD FAITH IN FAILING TO PROVIDE INITIAL DISCLOSURES AND DISCOVERY RESPONSES IN A TIMELY FASHION AND THEREFORE SHOULD NOT BE HELD IN CONTEMPT**

Plaintiff has admittedly been less than cooperative with Counsel in providing Counsel with the information necessary to draft initial disclosures and responses to discovery requests. It must be noted that Plaintiff is a licensed attorney and is fully aware of the ramifications inherent in failing to adhere to the Court's Scheduling Order and to respond to discovery in a timely fashion. Indeed, Plaintiff has prepared and signed the following affidavit evincing the circumstances, which Plaintiff only made known to Counsel upon the issuance of the instant Order to Show Cause, which led to the Defendants' filing of various motions to compel, this Court's granting of those motions, and this Court's pending Order to Show Cause:

> **AFFIDAVIT OF EDWARD A. MALONE**
>
> I, EDWARD A. MALONE, of 2400 South Glebe Road #816, Arlington, VA 22206, being duly sworn, state the following concerning the untimely service of my Initial Disclosures and response to Defendant Levy Premium Foodservice's discovery requests in the matter of Malone v. Levy Premium Foodservice, LP, et al., Case No. 06-00587.
>
> My attorneys, Jimmy A. Bell and Janelle N. Richards forwarded to me copies of the discovery of Defendant Levy Premium Foodservice to review and provide responses. Mr. Bell and Ms. Richards also encouraged me to quickly complete a list of persons with knowledge of the subject matter of this case so they could provide it to the Defendants.

> However, the months of June and July had been very difficult for me. On June 4, 2006, I was involved in a car accident in Accomac County, Virginia. On June 8, 2006, an out-of-state attorney whom I had sponsored to try a Virginia criminal case with *pro hac vice* withdrew his appearance in the case. This abruptly forced me, the local counsel, to prepare for a jury trial on charges of forcible sodomy, attempted abduction, statutory burglary, and stalking. As local counsel, I had contractually agreed to serve a minor role in the case and receive a nominal local counsel fee of $250. All of a sudden, I had to take over as lead counsel without pay and with only a few weeks to prepare for trial. My client faced the possibility of life imprisonment. Additionally, the computer at my law office malfunctioned and my landlords suddenly increased my rent on July 27, 2006, giving me only 3 days notice of the increase. Without being able to afford to pay the increased rent, I was forced to complete all of my work, including my work as Plaintiff in this case, without the benefit of a full, functioning office with photocopiers and fax machines.
>
> The facts in the above paragraph are not excuses, but mere explanations for the delay in providing Defendants with their discovery.
>
> As Jimmy A. Bell and Janelle N. Richards are not the cause of the delay in responding to Defendant Levy's discovery requests and providing my initial disclosures, and as my attorneys were unaware of the circumstances which led to my inability to provide timely responses and disclosures, Plaintiff respectfully requests this Court not to hold them in contempt of court. (*Exhibit A*).

As Plaintiff's Counsel has not evinced bad faith in pursuing the above-captioned matter, Plaintiff's Counsel's failure to provide initial disclosures and discovery responses in a timely fashion does not rise to the level of "bad faith" established by Morrison and Wallace. In establishing a standard by which counsel should be sanctioned, this Court took into account the actions of defendants and defense counsel in Morrison who failed to appear for trial because, although counsel was aware of the actual trial date, he was supposedly awaiting a formal written order from the court memorializing the trial date. 240 F. Supp. 2d 53 (D.D.C. 2003). This Court sanctioned defense counsel for his failure to appear at trial because his knowing and intentional failure led to the unreasonable and vexatious multiplication of the proceedings at hand. Id.

As the failure of Plaintiff's Counsel in the instant case to provide initial disclosures and respond to discovery in a timely fashion does not rise to the level of bad faith displayed by

5

counsel in Morrison, Plaintiff's Counsel should not be sanctioned. Unlike counsel in Morrison, Plaintiff's Counsel in the instant case did not intentionally fail to abide by a court mandate. The failure of Plaintiff's Counsel to provide initial disclosures and respond to discovery in a timely fashion was due to the Plaintiff's own failure to provide the requested information to Counsel. While Plaintiff's behavior is not completely excusable, it cannot fairly be said that Plaintiff's failure, and thus Plaintiff's Counsel's failure, to provide initial disclosures and respond to discovery in a timely fashion led to the unreasonable and vexatious multiplication of the proceedings at hand. Defendants also cannot contend that they were prejudiced in any way due to the fact that discovery in this matter is not set to close until January 10, 2007.

In U.S. v. Wallace, et al., the appellant attorney sought review of the district court's decision to sanction the attorney under 28 U.S.C. § 1927 and the trial court's inherent powers to sanction based on the appellant attorney's failure to timely subpoena witnesses for trial. 296 U.S. App. D.C. 93, 964 F. 2d 1214 (D.C. Cir. 1992). The Court found that the appellant attorney did not intend to delay the trial nor did he intend not to subpoena the witnesses. Id. In reversing the trial court's decision to impose sanctions on the appellant attorney, the Court of Appeals explicitly stated: "It seems appropriate not to impose this sanction for an unintended inconvenience to the court no matter how annoying it might be. Personal responsibility should, in this instance, flow only from an intentional departure from proper conduct, or, at a minimum, from a reckless disregard of the duty owed by counsel to the court." Id. at 1220.

The instant case is analogous to Wallace in that the failure of Plaintiff's Counsel to provide initial disclosures and respond to discovery in a timely fashion was not intentional. Although Plaintiff's Counsel recognizes, and apologizes for, the inconvenience to this

6

Court and Defendants' Counsel caused by this failure, Plaintiff's Counsel did not intend to depart from proper conduct nor did they intend to display a reckless disregard of the duty owed by counsel to this Court.  As in Wallace, Plaintiff's Counsel also did not intend to delay or vexatiously multiply the proceedings in this case.  In no way did Plaintiff's Counsel intend to be disrespectful to this Court or Defendants' Counsel in the above-captioned matter.  Moreover, as Plaintiff has now provided Defendants with initial disclosures and responded to all Defendants' discovery requests, this matter can not again provide reason for this Court to issue an order to show cause.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff's Counsel respectfully requests that this Honorable Court hereby vacate its Order to Show Cause as Plaintiff's Counsel did not willfully violate this Court's Scheduling Order nor did Plaintiff's Counsel willfully refuse to respond to Defendants' discovery requests.

Respectfully submitted,

\_\_\_\_/s/ Janelle N. Richards_____
Janelle N. Richards, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD  20772
(301) 599-7620
(301) 599-7623 (Fax)
Counsel for the Plaintiff

Dated:  September 11, 2006